# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANN M. DOERMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 2295 |
| | ) | |
| STATE OF ILLINOIS/DEPARTMENT | ) | |
| OF CHILDREN AND FAMILY | ) | |
| SERVICES and RICHARD GOETZ, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, District Judge:

Before the Court is Defendant Richard Goetz's motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion is granted.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion, Plaintiff Ann M. Doermann ("Doermann") has worked for the Illinois Department of Children and Family Services ("DCFS") since February 1995. Defendant Richard Goetz ("Goetz") also worked for DCFS. During Doermann's employment with DCFS, Goetz repeatedly subjected her to various forms of sexual harassment. Specifically, Doermann asserts that Goetz engaged in lewd conduct in her

presence, displayed nude pictures of a male DCFS ward in her office, and took sexually suggestive photographs of himself with Doermann's cell phone. Doermann's supervisors took no action against Goetz though they knew of his conduct and her complaints to management regarding Goetz went unanswered. On April 15, 2009, Doermann filed suit against DCFS and Goetz under 42 U.S.C. § 1983 and Title VII. Goetz now moves to dismiss the suit against him for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order for a claim to survive a motion to dismiss, the plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A claim should not be dismissed "unless it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations." *Hefferman v. Bass*, 467 F.3d 596, 598 (7th Cir. 2006) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Goetz argues that Doermann's § 1983 claim should be dismissed because he had no supervisory authority over her and therefore could not be said to have acted under color of state law.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Courts applying the "under color of state law" requirement to the sexual harassment context have generally required the defendant to possess some measure of authority over the plaintiff. *See Woodward v. Worland*, 977 F.2d 1392, 1401 (10th Cir. 1992) (collecting cases and noting that in the absence of "some authority that the wrongdoer has over the victim . . . it is difficult to establish that the abusive action was

perpetrated under color of state law[.]") For example, in *Valentine v. City of Chicago*, 452 F.3d 670 (7th Cir. 2006), the Seventh Circuit held that defendants acted under color of state law because they were the plaintiff's supervisors and had the power to control the circumstances of the plaintiff's employment. *Id*. at 683. Similarly, in *Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410 (7th Cir. 1997) the court found that defendant acted under color of state law when defendant's sexual harassment of plaintiff was possible "solely because of the position of authority" defendant held over plaintiff. *Id*. at 413-14. The parties have not cited, and our research has not revealed, a § 1983 case based on an incident of sexual harassment where a court found a defendant who lacked any authority over the plaintiff acted under color of state law. Therefore, we conclude that to state a viable claim under 42 U.S.C. § 1983 arising out of an incident of sexual harassment, a plaintiff must substantiate that she can plausibly establish the "under color of state law" requirement by alleging that the defendant had some sort of authority over the plaintiff's employment.

Though Doermann's complaint states that Goetz acted under color of law in harassing her, the complaint is devoid of any factual allegations concerning Goetz's authority over Doermann to substantiate that conclusion. Though Doermann mentions her supervisors and managers in her complaint, she never includes Goetz among those groups. In her response, Doermann contends that alleging that Goetz displayed pictures

of male DCFS wards on Doermann's desk is sufficient to plausibly find Goetz acted under color of state law. Though this particular episode of harassment was arguably related to Goetz's responsibilities as a DCFS employee, the allegation does not suggest Goetz had any authority over Doermann. Absent an indication that Goetz exercised some small measure of control over Doermann at DCFS, we have no basis to conclude that Goetz acted under color of state law. Therefore, we hold that Doermann has failed to state a § 1983 claim against Goetz.

## CONCLUSION

For the foregoing reasons, Goetz's motion to dismiss for failure to state a claim is granted.

Charles P. Kocoras
United States District Judge

Dated:   October 6, 2009